United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HERGUAN UNIVERSITY, et. al., | CASE NO. 5:12-cv-04364 EJD |
| Plaintiff(s), | **ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER; DISMISSING CASE** |
| v. | |
| IMMIGRATION AND CUSTOMS ENFORCEMENT, et. al., | |
| | [Docket Item No(s). 2] |
| Defendant(s). | |

## I.   INTRODUCTION

Plaintiff Jerry Yun Fei Wang ("Wang") is the Chief Executive Officer of Herguan University ("Herguan"), which was authorized by the United States Department of Homeland Security to admit foreign students under the Student and Exchange Visitor Program ("SEVP").[1] On July 24, 2012, Wang was indicted on counts relating to visa fraud and conspiracy to commit visa fraud in violation of 18 U.S.C. §§ 371 and 1546. In essence, the Government alleges that Wang and other individuals collected tuition and other payments from Herguan students in exchange for maintaining their visa, while at the same time fraudulently submitting documentation concerning Herguan and the students to SEVP officials. Wang was arrested on August 2, 2012, and his access to the SEVP computer system was terminated due to the ongoing investigation.

---

[1] The court refers to Wang and Herguan University as "Plaintiffs" in this order.

Plaintiffs now move the court for a temporary restraining order ("TRO") requiring Defendants Immigration and Customs Enforcement and SEVP ("Defendants") to reinstate Wang's access to the SEVP system until the criminal proceedings have been completed. <u>See</u> Docket Item No. 2. Having carefully reviewed the matter, the court concludes that it lacks subject matter jurisdiction. Accordingly, the action will be dismissed and, as a result, the TRO request will be denied.

## II.   LEGAL STANDARD

The standard for issuing a TRO is the same as that for the issuance of preliminary injunction. <u>See</u> <u>New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.</u>, 434 U.S. 1345, 1347 n.2 (1977). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 22 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009).

As a corollary to this test, the Ninth Circuit has also found a preliminary injunction appropriate if "serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing preservation of the status quo where complex legal questions require further inspection or deliberation. <u>Alliance for the Wild Rockies v. Cottrell</u>, 622 F.3d 1045, 1049 (9th Cir. 2010).

"These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases." <u>Big Country Foods, Inc. v Board of Educ. of the Anchorage School Dist</u>., 868 F.2d 1085, 1088 (9th Cir. 1989). But "[u]nder either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury." <u>See</u> <u>id</u>.

## III.   DISCUSSION

The court has reviewed all of the documentation provided by Plaintiffs, but has concluded that injunctive relief is not appropriate for both procedural and substantive reasons.

United States District Court
For the Northern District of California

Looking first at procedure, the court is unable to locate a complaint, petition or other similar document which details the causes of action underlying the request for injunctive relief. Indeed, the initial presence of such a document on the court's docket is the traditional precursor to a TRO application and has been considered a condition precedent to seeking such an order. See Stewart v. United States I.N.S., 762 F.2d 193, 198 (2d Cir. 1985) ("Only after an action has been commenced can preliminary injunctive relief be obtained. . . . An action is commenced in federal court by the filing with the court of a complaint."); see also Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). Here, Plaintiffs filed two documents, one entitled "Petitioner's Ex Parte Application to Hear Motion for Temporary Restraining Order" and one entitled "Petitioner's Application to Hear Motion for Temporary Restraining Order." See Docket Item Nos. 1, 2. These documents contain similar statements, and neither can be classified as a proper initiating pleading. This is true even if the documents are liberally construed. As a result, consideration of Plaintiffs' application is problematic on a procedural level.[2]

This procedural shortcoming also raises substantive issues. The first is jurisdiction to issue the order proposed. Without a complaint or petition which, at the very least, notifies the court of Plaintiffs' claims against Defendants, the court is left without a jurisdictional basis upon which injunctive relief could be issued. Stewart, 762 F.2d at 199 (holding the district court was without jurisdiction to issue a preliminary injunction because plaintiff's complaint did not encompass the issue underlying the injunction request). Second, the court cannot conduct the appropriate analysis for the issuance of a TRO, which calls for consideration of the application in the context of the action's merits. See Stormans, Inc., 586 F.3d at 1127 (requiring, *inter alia*, consideration of plaintiff's likelihood of success on the merits); Cottrell, 622 F.3d at 1049 (requiring consideration of

---

[2] The court is aware of isolated authority suggesting that a TRO may issue absent a complaint if justified by particular exigent circumstances. See, e.g., Studebaker Corp. v. Gittlin, 360 F.2d 692 (2d Cir. 1966); United States v. Lynd, 301 F.3d 818 (5th Cir. 1962). That type of proceeding is certainly the exception, not the rule. Based on what has been presented here, the court does not find sufficient exigency to invoke application of that authority.

3
CASE NO. 5:12-cv-04364 EJD
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER; DISMISSING CASE

*United States District Court*
For the Northern District of California

"serious questions" going to the merits of the action).

Finally, and most importantly, the lack of an initial pleading which contains cognizable claims against Defendants leaves this court without subject matter jurisdiction over this proceeding. While Plaintiffs contend the court has jurisdiction pursuant to 28 U.S.C. § 1331, the documents filed by Plaintiffs do not contain an actual federal question. Moreover, Plaintiffs' reference to 28 U.S.C. § 2201 is of no assistance. Assuming Plaintiffs intended this action as one seeking declaratory relief, § 2201 does not itself support federal question jurisdiction; Plaintiffs were therefore obligated to identify another dispute within this jurisdiction of this court. See Am. Cas. Co. v. Krieger, 181 F.3d 1113, 1118 (9th Cir. 1999) (stating that cases seeking a declaratory judgment must be "within" the jurisdiction of the district court, "i.e., there must be an independent basis for the court's jurisdiction.").

The ultimate result must therefore be dismissal of this action, which carries with it a denial of the only issue placed before the court - the TRO application. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex Parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L. Ed. 264 (1868). This action cannot proceed under the current state of pleadings.

### IV.  ORDER

The application for a TRO (Docket Item No. 2) is DENIED. This action is DISMISSED for lack of subject matter jurisdiction. The clerk shall close this file.

**IT IS SO ORDERED.**

Dated: August 21, 2012

_____
EDWARD J. DAVILA
United States District Judge